IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Samuel Tate, Jr., ) | |
| ) | Civil Action No. 8:05-3085-HMH-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Major Phillip Anderson and ) | |
| Officer NFN Rooney, ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a state prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the defendants' motion for summary judgment and the plaintiff's motion to amend his complaint.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on November 2, 2005, seeking damages for alleged civil rights violations. On March 6, 2006, the defendants moved for summary judgment. By order filed March 7, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On October 6, 2006, the plaintiff filed a response. In the interim, the plaintiff also filed a motion to amend his complaint. Because the resolution of the summary judgment may moot the plaintiff's

motion to amend, the motion to amend the complaint was held in abeyance by Order of this Court filed September 11, 2006.

## FACTS PRESENTED

The plaintiff is currently an inmate with the South Carolina Department of Corrections housed at the Ridgeland Correctional Institution. Previously, the plaintiff while a pretrial detainee, the plaintiff was housed at the Greenwood County Detention Center ("GCDC") which is where he alleges the following took place. On July 27, 2005, the plaintiff alleges he missed recreation time because he was accidentally locked in his cell and that, after being released from his cell, he was given permission to take a shower. (Compl. 3.)[1] While the plaintiff was showering, defendant Major Anderson demanded the plaintiff exit the shower. (*Id*.) He states he did not obey the directive and attempted to explain why he was in the shower. (Compl. 3; Pl.'s Mem. Opp. Summ J. at 2.) He alleges defendant Anderson threatened to slap him if he did not exit the shower. (Pl.'s Mem. Opp. Summ. J. at 2.) He then alleges defendant Officer Rooney pointed a taser at him. (*Id*.) He states he told Rooney that he could not be shot with a taser while in the shower. (*Id*.) Defendant Rooney then shot him with a taser gun twice. (*Id*.) The plaintiff is seeking an investigation into all policies and procedures of the use of taser guns in county facilities and compensation for his pain and suffering and "life time injury marks." (Compl. 5.)

---

[1]On July 27, 2005, the plaintiff was housed in D-Block of the GCDC. He had been placed in the D-Block because of an incident occurring on July 12, 2005, when he was in an unauthorized area. On July 17, 2005, the plaintiff received an additional fifteen days of lock down for picking his cell door lock and being outside his cell without permission. (Def.'s Mem. Supp. Summ. J. Mot. Anderson Aff. ¶ 5.)

2

**APPLICABLE LAW**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific,

material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

## DISCUSSION

### EXCESSIVE FORCE CLAIM

The plaintiff alleges an excessive use of force claim. The Supreme Court has held that in "evaluating the constitutionality of conditions or restrictions of pretrial detention," the "proper inquiry" is "whether those conditions amount to punishment of the detainee" under the Due Process clause. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). The Fourth Circuit has concluded that excessive force claims of arrestees and pretrial detainees in custody are governed by the Due Process Clause of the Fourteenth Amendment. *Taylor v. McDuffie*, 155 F.3d 479, 483-84 (4th Cir.1998). A Fourteenth Amendment claim exists where the defendant "inflicted unnecessary and wanton pain and suffering" on an arrestee or pretrial detainee, and where the force was applied "maliciously and sadistically for the very purpose of causing harm." *Taylor*, 155 F.3d at 483. Several factors are considered in determining whether prison officials acted maliciously and sadistically: 1) the need for the application of force; 2) the relationship between the need and the amount of force used; 3) the threat reasonably perceived by the officials and 4) the efforts made to temper the

4

severity of a forceful response. *Williams v. Benjamin*, 77 F.3d 756, 762 (4th Cir. 1996).

In any event, such a claim does not exist absent extraordinary circumstances if the injury is de minimis. *See id*. "Extraordinary circumstances" are only present when the force used is "of a sort repugnant to the conscience of mankind . . . or the pain itself [is] such that it can properly be said to constitute more than de minimis injury." *Id*. at 483 (internal quotations omitted).

Specifically, courts have held that officers may use a taser in various situations to subdue a belligerent or uncooperative arrestee, inmate or detainee. *Cf. Draper v. Reynolds*, 369 F.3d 1270, 1277-78 (11th Cir. 2004) (holding that a "single use of the taser gun causing a one-time shocking" against a "hostile, belligerent, and uncooperative" arrestee in order to effectuate the arrest was not excessive force in the totality of the circumstances); *Jasper v. Thalacker*, 999 F.2d 353, 354 (8th Cir.1993) (holding use of stun gun to subdue unruly inmate did not violate 8th Amendment where plaintiff failed to prove that officers used stun gun sadistically or maliciously to cause harm); *Caldwell v. Moore*, 968 F.2d 595, 599-602 (6th Cir. 1992) (holding use of taser was not per se violation of 8th Amendment if use of the taser gun is necessary to avoid using greater force and use is not with malicious intent to inflict harm); *Michenfelder v. Sumner*, 860 F.2d 328, 336 (9th Cir. 1988) (holding use of taser violates 14th Amendment if it occurs without justification, or if it is used for the purpose of punishment or infliction of pain, and "[t]he appropriateness of the use must be determined by the facts and circumstances of the case" (internal quotation omitted)).

Here, prior to entering the shower, the plaintiff refused a directive to return to his cell. Then, once in the shower, the plaintiff admits he failed to follow another directive to exit the shower. The plaintiff was out of his cell in a shower unrestrained and refusing to follow directives to exit the shower and return to his cell. In fact, the plaintiff himself states he became "defensive" after being directed to exit the shower. (Pl.'s Mem. Opp. Summ J. at 2.) Based upon the plaintiff's uncooperativeness, defensiveness, and failure to follow directives, the officer's use of the taser was reasonable.

More importantly, the plaintiff fails to show that his Fourteenth Amendment rights were violated because any injuries he received were de minimis. Although he now claims that he suffers heart problems, swelling, and scarring as a result of the injuries (Pl.'s Mem. Opp. Summ. J. at 11), the plaintiff has not presented any evidence of such injuries. After the incident, the plaintiff was taken to the emergency room and examined. The next day, he was seen by Nurse Nanci Bearden who noted that the plaintiff "denie[d] any symptoms or issues now." (Defs.' Mem. Supp. Summ. J. Mot. Anderson Aff. Ex. A.) The plaintiff has failed to show any injury other than a de minimis injury which will not support a cause of action for excessive force.

Alternatively, the court recommends the defendants' summary judgment motion be granted because the plaintiff failed to exhaust his administrative remedies. The plaintiff concedes he did not file a grievance in regards to this taser incident. However, the plaintiff argues that inmates are not told about the grievance process at the GCDC (Pl.'s Mem.

Opp. Summ. J. Mot. at 7); the day after the incident, he was not provided the proper forms to file a grievance; and the GCDC does not respond to any grievances. (Compl. at 3.)

The GCDC, however, has a grievance procedure (Def.'s Mem. Supp. Summ. J. Mot. Butler Aff. ¶¶ 1-2.) and the plaintiff is clearly aware of it as he has filed at least sixteen grievances. (*Id.* Ex. B.) Furthermore, even if he was unable to obtain the proper forms immediately after the incident, the plaintiff obviously could have obtained the necessary forms shortly thereafter as he has filed numerous other grievances since then. (*Id*. Ex. A.)

The plaintiff also contends the PLRA does not apply to pre-trial detainees and he did not have to exhaust administrative remedies as he is seeking only money damages. However, the PLRA's strict exhaustion requirement does indeed apply in actions brought by pretrial detainees, *United States v. Al-Marri*, 239 F.Supp.2d 366, 367-68 (S.D.N.Y. 2002) (holding pretrial detainee required to exhaust administrative remedies under PLRA before filing suit), and in *Booth v. Churner*, 532 U.S. 731 (2001), the United States Supreme Court held that a prisoner must exhaust his administrative remedies even if he is seeking only money damages. Accordingly, the defendants' summary judgment motion should be granted as the plaintiff has failed to exhaust his administrative remedies.

**MOTION TO AMEND**

The plaintiff has also filed a motion to amend his complaint to add additional defendants, guards who were allegedly present during the incident set forth in the original complaint and failed to protect the plaintiff. Because the proposed additional defendants' liability is dependant on the liability of the originally named defendants and based on the

foregoing, the court concludes the defendants are entitled to summary judgment, the court recommends the plaintiff's motion to amend be denied. *Schurz v. Schriro*, 2006 WL 89933 (D.Ariz. 2006)(holding if proposed claims fail as matter of law, amendment should be denied as futile). *See also Sartori v. Angelone*, 2001 WL 34810314 (E.D.Va. 2001).

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment be GRANTED and the Plaintiff's claims be DISMISSED with prejudice. Further, it is RECOMMENDED that the Plaintiff's motion to amend his complaint be DENIED.

IT IS SO RECOMMENDED.

                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

November 28, 2006
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).